In the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
R. L. McNEELY, Attorney at Law:

OFFICE OF LAWYER REGULATION,Complainant,

v.

R. L. McNEELY, Respondent.

Supreme Court

*No. 2007AP208–D. Decided July 15, 2008.*

2008 WI 91

(Also reported in 752 N.W.2d 857.)

¶ 1. PER CURIAM. We review the recommendation of the referee, Dennis Flynn, that the license of Attorney R. L. McNeely to practice law in this state be suspended for a period of 60 days for professional misconduct. Neither party appealed the referee's report, so this matter is submitted to the court for review pursuant to SCR 22.17(2). We also consider Attorney McNeely's objection to the costs of this proceeding.

¶ 2. We conclude that the referee's findings of fact are supported by satisfactory and convincing evidence. We agree that the seriousness of Attorney McNeely's misconduct warrants the suspension of his license to practice law for 60 days. After careful consideration, we conclude that the costs of the proceeding, which are $3,710.27 as of January 17, 2008, should be assessed against him, and we deny the objection to the referee's costs.

¶ 3. Attorney McNeely was admitted to practice law in Wisconsin on January 10, 1995. He has not been the subject of any prior disciplinary proceeding. The

Office of Lawyer Regulation (OLR) complaint alleges that Attorney McNeely committed three counts of professional misconduct involving the distribution of insurance settlement proceeds.

¶ 4. In May 2002 D.B. hired Attorney Jeffrey D. Berlin to represent him in a personal injury action for injuries D.B. sustained in an automobile accident. Attorney McNeely subsequently joined Attorney Berlin in this representation.[1]

¶ 5. On March 21, 2005, D.B. died from circumstances unrelated to the automobile accident. Following his death, D.B.'s widow, C.B., contacted either Attorney Berlin or Attorney McNeely regarding the personal injury claim.

¶ 6. On April 5, 2005, Attorney McNeely prepared and filed a special administration petition in the D.B. estate, requesting that the probate court appoint C.B. as special administrator of D.B.'s estate to permit her to resolve D.B.'s personal injury claims arising out of the May 2002 accident.

¶ 7. On April 22, 2005, Attorney McNeely filed a civil summons and complaint in Milwaukee County circuit court seeking damages on behalf of D.B.'s estate and C.B. relating to the May 2002 automobile accident.

¶ 8. On April 29, 2005, the Milwaukee County Child Support Agency filed four claims against D.B.'s estate for unpaid child support obligations totaling $126,200.28.

¶ 9. On or about May 24, 2005, American Family Insurance Group issued a check for $100,000 payable to

---

[1] Attorney Berlin was suspended for six months for eight counts of professional misconduct committed in connection with this and other matters. *OLR v. Berlin*, 2008 WI 4, 306 Wis. 2d 288, 743 N.W.2d 683.

"R. L. McNeely Law Office Clients Trust Account" to settle C.B.'s claims in connection with the personal injury action. This settlement encompassed claims that C.B. made in her individual capacity, as well as claims made on behalf of D.B.'s estate. C.B. had not been appointed special administrator of D.B.'s estate at the time the settlement was received.

¶ 10. On June 3, 2005, C.B. signed a written release of all claims related to the automobile accident.

¶ 11. On June 6, 2005, Attorney McNeely filed a notice of voluntary dismissal of the civil lawsuit relating to the automobile accident. Attorney McNeely also sent a letter to the Milwaukee County register in probate on June 4, 2005. In that letter Attorney McNeely said, in part, as follows:

> The above-captioned matter was scheduled for hearing on appointment of a special administrator, on June 22, 2005, at 2:30 p.m. The special administration was commenced to pursue a claim arising out of an automobile accident involving the deceased, occurring in May 2002. A civil suit was commenced, . . . . We have been unable to serve the other driver involved in the accident, and there are no outside witnesses. Therefore, we have entered a voluntary dismissal in the civil case, and there is no longer a need to pursue special administration. I request that you take the matter off the court's calendar . . ., and close the file on this matter.

¶ 12. Prior to disbursing the $100,000 settlement proceeds, Attorney Berlin had told Attorney McNeely that the American Family insurance adjuster handling the claim had authorized them to distribute the settlement proceeds as they saw fit.

¶ 13. Prior to distribution of the settlement funds, the two attorneys did not discuss with C.B. actual or potential conflicts of interest that she might

have regarding her individual interests and the interests of the Estate of D.B. Attorney McNeely asserts that Attorney Berlin did not raise those issues with him. He asserts that he did not perceive there to be any difference between the individual interest of C.B. and the interest of the Estate of D.B. The attorneys did not discuss or obtain any written waivers from C.B. regarding these potential or actual conflicts of interest. The entire settlement (less attorney fees and litigation-related costs) was allocated to C.B., in her individual capacity. This amount totaled $57,199.26.[2]

¶ 14.   Neither Attorney McNeely nor Attorney Berlin advised the probate court that a settlement had been received relating to D.B.'s May 2002 automobile accident or that these settlement proceeds had been disbursed. In addition, neither Attorney McNeely nor Attorney Berlin advised the Milwaukee County Child Support Agency of the settlement.

¶ 15.   The parties to this disciplinary proceeding now agree that some portion of the $100,000 settlement proceeds may have belonged to the Estate of D.B. It is undisputed that Attorney McNeely did not personally benefit as a result of allocating 100 percent of the aggregate settlement to C.B.

■

¶ 16.   The OLR alleged and the referee concluded that by participating with another attorney in making a full or aggregate settlement of two claims (C.B.'s individual claim and the claim of the Estate of D.B.) without consulting with the client or obtaining her informed

───────────

[2] Attorney McNeely disbursed the $100,000 settlement proceeds received as follows:   C.B.: $57,199.26; Attorney Berlin: $16,665;   Attorney   McNeely:   $17,442.87;   Litigation   costs: $359.54; and LeSafre Intl. Co. (medical creditor): $8,333.33.

written consent to do so, and by failing to inform and obtain authorization from the Milwaukee County probate court regarding the settlement, Attorney McNeely engaged in a prohibited transaction, in violation of former SCR 20:1.8(g).[3]

¶ 17. The OLR alleged and the referee concluded that by making false statements of fact to the Milwaukee County register in probate in his letter of June 4, 2005, notably failing to disclose that a settlement had been reached that resulted in release of the estate's claims, Attorney McNeely knowingly made a false statement of fact to a tribunal in violation of SCR 20:3.3(a)(1).[4]

¶ 18. The OLR alleged and the referee concluded that by engaging in conduct intended to allocate 100 percent of the aggregate settlement of both C.B.'s individual claims and the claims of the Estate of D.B.

---

[3] Effective July 1, 2007, substantial changes were made to the Wisconsin Supreme Court Rules of Professional Conduct for Attorneys, SCR Chapter 20. *See* S. Ct. Order 04–07, 2007 WI 4, 293 Wis. 2d xv, 726 N.W.2d Ct.R-45 (eff. July 1, 2007); and S. Ct. Order 06–04, 2007 WI 48, 297 Wis. 2d xv, 730 N.W.2d Ct.R.-29 (eff. July 1, 2007). Because the conduct underlying this case arose prior to July 1, 2007, unless otherwise indicated, all references to the supreme court rules will be to those in effect prior to July 1, 2007.

Former SCR 20:1.8(g) provides:

> A lawyer who represents two or more clients shall not participate in making an aggregate settlement of the claims of or against the clients, or in a criminal case an aggregated agreement as to guilty or nolo contendere pleas, unless each client consents after consultation, including disclosure of the existence and nature of all the claims or pleas involved and of the participation of each person in the settlement.

[4] Former SCR 20:3.3(a)(1) states that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal; . . . ."

only to C.B. in her individual capacity, Attorney McNeely engaged in misconduct involving dishonesty, fraud, deceit or misrepresentation in violation of SCR 20:8.4(c).[5]

■

¶ 19.   In their stipulation, Attorney McNeely and OLR agreed that a 60–day suspension of Attorney McNeely's license to practice law in Wisconsin was appropriate discipline for this misconduct.

¶ 20.   In considering the appropriate discipline, the referee observed that the misconduct in this matter involved multiple rule violations and that the victims of the misconduct include the client, the probate court, and persons or entities that may have had legitimate claims against the Estate of D.B. However, the referee also noted that Attorney McNeely did not personally profit from this misconduct and that there was no evidence in the record that other claims would have been upheld.

¶ 21.   The referee considered six glowing letters of support submitted on Attorney McNeely's behalf that accompanied the stipulation.[6] While noting that "the information does not directly mitigate Attorney McNeely's misconduct and does not change the appropriateness of the recommended sanction" the referee described the letters as "powerful" and observed that "all six of the support letters give insight into a lawyer who has done much with his education and talents."

---

[5] Former SCR 20:8.4(c) states it is professional misconduct for a lawyer to "engage in conduct involving dishonesty, fraud, deceit or misrepresentation; . . . ."

[6] Those letters, which are all exceedingly positive, were submitted by Attorney Lindsey D. Draper; Mr. Barry W. Givens; Professor Daniel D. Blinka; Rick Lovell, Ph.D.; Dean Stan Stojkovic; and Professor Thomas J. Hammer.

¶ 22. The referee noted, however, that both Attorney McNeely and OLR still opted to jointly agree to the proposed 60–day suspension. The referee observed that he was not inclined to "lightly set aside" this joint recommendation.

¶ 23. The referee then recommended that Attorney McNeely's license to practice law in Wisconsin be suspended for a period of 60 days and that he be assessed the costs of this disciplinary proceeding.

■

¶ 24. We affirm the referee's findings of fact unless they are clearly erroneous. *See In re Disciplinary Proceedings Against Sosnay,* 209 Wis. 2d 241, 243, 562 N.W.2d 137 (1997). We review the referee's conclusions of law de novo. *See In re Disciplinary Proceedings Against Carroll,* 2001 WI 130, ¶ 29, 248 Wis. 2d 662, 636 N.W.2d 718. In accordance with our authority to supervise the practice of law in this state, we determine the level of discipline that is appropriate under the particular circumstances, independent of the referee's recommendation, but benefiting from it. *See In re Disciplinary Proceedings Against Widule,* 2003 WI 34, ¶ 44, 261 Wis. 2d 45, 660 N.W.2d 686.

¶ 25. We adopt the referee's findings of fact in this case and we agree with the referee's conclusions of law. We further agree with the referee's recommendation for a 60–day suspension of Attorney McNeely's license to practice law in Wisconsin.

¶ 26. We turn to the question of costs. On January 3, 2008, the OLR filed a statement of costs in the amount of $3,497.29, including referee fees and disbursements in the amount of $2,550.90. On January 9, 2008, an itemized statement of costs was filed detailing these expenditures.

¶ 27. On January 24, 2008, Attorney McNeely filed an objection to the referee's costs. The objection was accompanied by an affidavit executed by one of Attorney McNeely's lawyers questioning the amount of time billed by the referee on a number of matters and suggesting that the time recorded was excessive for the tasks described in the statement of costs.

¶ 28. We have carefully considered Attorney McNeely's objections to the referee's costs. This proceeding included a joint stipulation, which frequently reduces the costs of a disciplinary proceeding. However, the referee is still charged with ascertaining whether the facts of record support the facts set forth in the stipulation, and must reach an independent recommendation regarding appropriate discipline. The report and recommendation rendered in this matter is thorough and was helpful to the court. We find it appropriate to require Attorney McNeely to pay the full costs of this proceeding which, as of January 17, 2008, total $3,710.27.

¶ 29. IT IS ORDERED that the license of R. L. McNeely to practice law in Wisconsin is suspended for a period of 60 days, effective August 25, 2008.

¶ 30. IT IS FURTHER ORDERED that Attorney McNeely's objection to the costs of this proceeding is denied. Within 60 days of the date of this order, R. L. McNeely shall pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his inability to pay the costs within that time, the license of R. L. McNeely to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 31. IT IS FURTHER ORDERED that Attorney R. L. McNeely shall comply with the provisions of SCR

22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.

¶ 32. LOUIS B. BUTLER, JR., J., did not participate.