IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Ronald K. NIESEN, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Ronald K. NIESEN, Respondent.

Supreme Court

*No. 2011AP47–D.—Decided November 4, 2011.*

2011 WI 97

(Also reported in 805 N.W.2d 105.)

ATTORNEY disciplinary proceeding. *Attorney's license suspended.*

¶ 1. PER CURIAM.   We review, pursuant to SCR 22.17(2),[1] a referee's report and recommendation concluding that Attorney Ronald K. Niesen engaged in professional misconduct and recommending that his license to practice law in Wisconsin be suspended, that he pay restitution to an injured client, and that he pay the costs of this proceeding.[2] We conclude Attorney Niesen's ethical violations warrant a nine-month suspension of his license to practice law in this state. In addition, we order Attorney Niesen to pay restitution and costs as set forth herein.

¶ 2.   Attorney Niesen was admitted to practice law in Wisconsin in 1992. He previously received a private reprimand for violating a domestic harassment injunction. Attorney Niesen's Wisconsin law license has been suspended since June 17, 2009, for noncompliance with continuing legal education reporting requirements. His law license was also temporarily suspended by this court on November 12, 2009, for failing to cooperate with an Office of Lawyer Regulation (OLR) investigation that culminated in this proceeding.

¶ 3.   The misconduct giving rise to this proceeding involved Attorney Niesen's representation of a client, J.S., and his general abandonment of the practice of law. J.S. hired Attorney Niesen in January of 2009 for specific estate planning services that included transfer-

---

[1] SCR 22.17(2) states:

If no appeal is filed timely, the supreme court shall review the referee's report; adopt, reject or modify the referee's findings and conclusions or remand the matter to the referee for additional findings; and determine and impose appropriate discipline. The court, on its own motion, may order the parties to file briefs in the matter.

[2] As of July 11, 2011, the total costs for this proceeding are $1,406.08.

ring property titles in the wake of her husband's death. She paid Attorney Niesen $900 for this service. Attorney Niesen wholly failed to perform this work for J.S. Attorney Niesen ignored J.S.'s phone calls and other requests for information and he never returned her $900 fee. Moreover, during the time that Attorney Niesen was supposed to be representing J.S., he failed to advise her that his law license was suspended for noncompliance with continuing legal education reporting requirements.

¶ 4. Indeed, Attorney Niesen had abandoned his practice of law. On July 28, 2009, Dane County Circuit Court Judge C. William Foust entered an order appointing an attorney to enter Attorney Niesen's former law office "for the purpose of protecting [clients'] rights, files and property and delivering the files and property to the clients or to their successor counsel." The appointed attorney found files abandoned and in disarray, no computers, and piles of unanswered mail and trust account information. OLR contacted Attorney Niesen regarding his apparent abandonment of his law practice. In response, Attorney Niesen sent an e-mail to the OLR in August 2009, explaining he was "undergoing intense alcohol rehab" and that he was basically destitute.

¶ 5. Attorney Niesen subsequently failed to respond to several OLR notices regarding the J.S. matter and was eventually suspended for his failure to respond to and cooperate with the OLR. Upon abandonment of his practice, Attorney Niesen never notified the State Bar of his new address and failed to take any action to contact existing clients or protect client files.

¶ 6. On January 7, 2011, the OLR filed a disciplinary complaint against Attorney Niesen alleging nine counts of professional misconduct:

343

- Count One alleged Attorney Niesen failed to complete the deed preparation and property transfer work for J.S. from February 2009 until abandoning his practice in violation of SCR 20:1.3.[3]

- Count Two alleged Attorney Niesen failed to respond to J.S.'s requests for information concerning the status of her matters in violation of SCRs 20:1.4(a)(3) and (4).[4]

- Count Three alleged Attorney Niesen failed to notify J.S. of the suspension of his law license and his abandonment of his law office, and failed to return J.S.'s $900 in violation of SCR 20:1.16(d).[5]

- Count Four alleged Attorney Niesen abandoned his practice without taking steps to ensure continued confidentiality of the information in J.S.'s file in violation of SCR 20:1.6(a).[6]

---

[3] SCR 20:1.3 states "A lawyer shall act with reasonable diligence and promptness in representing a client."

[4] SCRs 20:1.4(a)(3) and (4) state a lawyer shall "(3) keep the client reasonably informed about the status of the matter;" and "(4) promptly comply with reasonable requests by the client for information; . . . ."

[5] SCR 20:1.16(d) provides:

> Upon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee or expense that has not been earned or incurred. The lawyer may retain papers relating to the client to the extent permitted by other law.

[6] SCR 20:1.6(a) states "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, except for disclosures that are impliedly authorized in order to carry out the representation, and except as stated in pars. (b) and (c)."

- Count Five alleged Attorney Niesen failed to inform J.S. that he would not be able to act as her attorney in her pending matter in violation of SCRs 22.26(1)(a) and (b).[7]

- Count Six alleged Attorney Niesen failed to respond to OLR's investigation into J.S.'s complaint in violation of SCRs 22.03(2)[8] and 22.03(6),[9] both of which are enforceable through SCR 20:8.4(h).[10]

---

[7] SCRs 22.26(1)(a) and (b) state:

(1) On or before the effective date of license suspension or revocation, an attorney whose license is suspended or revoked shall do all of the following:

(a) Notify by certified mail all clients being represented in pending matters of the suspension or revocation and of the attorney's consequent inability to act as an attorney following the effective date of the suspension or revocation.

(b) Advise the clients to seek legal advice of their choice elsewhere.

[8] SCR 22.03(2) states as follows:

Upon commencing an investigation, the director shall notify the respondent of the matter being investigated unless in the opinion of the director the investigation of the matter requires otherwise. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct within 20 days after being served by ordinary mail a request for a written response. The director may allow additional time to respond. Following receipt of the response, the director may conduct further investigation and may compel the respondent to answer questions, furnish documents, and present any information deemed relevant to the investigation.

[9] SCR 22.03(6) provides as follows: "In the course of the investigation, the respondent's wilful failure to provide relevant information, to answer questions fully, or to furnish documents and the respondent's misrepresentation in a disclosure are misconduct, regardless of the merits of the matters asserted in the grievance."

[10] SCR 20:8.4(h) states it is professional misconduct for a

- Count Seven alleged Attorney Niesen abandoned his practice without providing notice to the State Bar of Wisconsin of his change of address in violation of SCR 10.03(2),[11] enforceable through SCR 20:8.4(f)[12].

- Count Eight alleged Attorney Niesen abandoned his clients' files in his former office space without contacting his clients and without taking steps to ensure confidentiality of his clients' files in violation of SCR 20:1.6(a).

- Count Nine alleged Attorney Niesen failed to respond to the grievance investigation into the abandonment of his law practice as evidenced by the order of Judge Foust in violation of SCRs 22.03(2) and 22.03(6), enforceable through SCR 20:8.4(h).

¶ 7. Lisa C. Goldman was appointed referee on February 23, 2011. On March 9, 2011, the parties filed a joint stipulation wherein Attorney Niesen stipulated

---

lawyer to "fail to cooperate in the investigation of a grievance filed with the office of lawyer regulation as required by SCR 21.15(4), SCR 22.001(9)(b), SCR 22.03(2), SCR 22.03(6), or SCR 22.04(1); . . . ."

[11] SCR 10.03(2) states as follows:

> Enrollment. Every person who becomes licensed to practice law in this state shall enroll in the state bar by registering his or her name and social security number with the association within 10 days after admission to practice. Every change after enrollment in any member's office address or social security number shall be reported promptly to the state bar. The social security number of a person enrolling in the state bar may not be disclosed to any person or entity except the supreme court and its agencies, or as otherwise provided by supreme court rules.

[12] SCR 20:8.4(f) states it is professional misconduct for a lawyer to "violate a statute, supreme court rule, supreme court order or supreme court decision regulating the conduct of lawyers; . . . ."

that he committed the misconduct alleged in the OLR's complaint and the parties jointly stipulated that the misconduct warranted a nine-month suspension, restitution to J.S. in the amount of $900, and payment of the costs of this proceeding.[13]

¶ 8.  The stipulation was submitted to Referee Goldman, who directed additional briefing on the question of sanctions. On June 20, 2011, Referee Goldman filed a report accepting the parties' stipulation regarding the misconduct and discussing the appropriate sanction for Attorney Niesen's admitted misconduct.

¶ 9.  The referee acknowledged that Attorney Niesen was receiving treatment for alcohol abuse and that his living situation was precarious. However, the referee noted that there are many resources available to attorneys who seek assistance with substance abuse or who wish to end a law practice. The referee observed that while the OLR cited over 15 separate disciplinary matters in support of the joint recommendation, the cases reflect a range of penalties, and many impose a six-month suspension. *See, e.g., In re Disciplinary Proceedings Against Berlin,* 2008 WI 4, 306 Wis. 2d 288, 743 N.W.2d 683. The referee thus "leaves it to this court to determine the exact length of [Attorney] Niesen's suspension." The referee did agree that restitution to

---

[13] In the stipulation, Attorney Niesen verifies that he understands the allegations against him, that he understands and assents to the level of discipline sought by the OLR, that he understands the ramifications of that discipline, and that he understands his rights to consult with counsel and to contest the allegations in the complaint against him. Attorney Niesen further states that he has entered the stipulation knowingly and voluntarily and admits that he engaged in the misconduct described above.

J.S. is appropriate and further agreed that Attorney Niesen should pay the costs of the proceeding.

¶ 10. No appeal has been filed from the referee's report and recommendation. The parties stipulated to the relevant facts and we agree with the referee's conclusions of law. We note that either the six-month suspension the referee apparently deemed more consistent with the case law or the nine-month suspension to which the parties stipulated will require Attorney Niesen to petition this court for reinstatement under the procedures set forth in SCRs 22.29 to 22.33. The reinstatement procedure will provide assurance that Attorney Niesen can be safely recommended to the profession, the courts, and the public as a person who is fit and capable to practice law in this state. As to the specific level of discipline we should impose, we consider the seriousness, nature and extent of misconduct, the level of discipline needed to protect the public, the courts, and the legal system from repetition of the misconduct, the need to impress upon the attorney the seriousness of the misconduct, and the need to deter other attorneys from committing similar acts. *See In re Disciplinary Proceedings Against Charlton,* 174 Wis. 2d 844, 498 N.W.2d 380 (1993). We also consider the attorney's prior disciplinary history.

¶ 11. After fully reviewing the matter we conclude that a nine-month suspension, as stipulated to by the parties, is appropriate discipline in this matter. We are mindful of the referee's observation that the applicable case law reflects a range of discipline that has been applied to similar misconduct. However, we conclude this level of discipline is supported by relevant authority. *See, e.g., In re Disciplinary Proceedings*

*Against Cavendish-Sosinski,* 2004 WI 30, 270 Wis. 2d 200, 676 N.W.2d 887. Attorney Niesen's misconduct, although not precisely the same as Attorney Cavendish-Sosinski's, is sufficiently similar to support the imposition of a nine-month license suspension on Attorney Niesen, as stipulated to by the parties.

¶ 12. We accept the referee's recommendations regarding restitution and costs.[14]

¶ 13. IT IS ORDERED that the license of Ronald K. Niesen to practice law in Wisconsin is suspended for a period of nine months, effective the date of this order.

¶ 14. IT IS FURTHER ORDERED that within 60 days of the date of this order, Ronald K. Niesen make restitution to J.S. in the amount of $900. If restitution to J.S. is not paid within the time specified and absent a showing to this court of his inability to pay the restitution amount within that time, the license of Ronald K. Niesen to practice law in Wisconsin shall remain suspended until further order of this court.

¶ 15. IT IS FURTHER ORDERED that within 180 days of the date of this order, Ronald K. Niesen pay to the Office of Lawyer Regulation the costs of this proceeding. If the costs are not paid within the time specified, and absent a showing to this court of his

---

[14] We note that the restitution ordered in this matter does not encompass the costs incurred by the attorney who was appointed by the circuit court "for the purpose of protecting [clients'] rights, files and property and delivering the files and property to the clients or to their successor counsel." We do not address, here, whether a circuit court should direct the county to pay costs incurred by an attorney appointed to oversee and protect client interests as a result of an abandoned practice. If Attorney Niesen seeks reinstatement of his license to practice law the court will inquire into the status of any related outstanding judgment.

inability to pay the costs within that time, the license of Ronald K. Niesen to practice law in Wisconsin shall remain suspended until further order of the court.

¶ 16.   IT IS FURTHER ORDERED that restitution to J.S. is to be completed prior to paying costs to the Office of Lawyer Regulation.

¶ 17.   IT IS FURTHER ORDERED that to the extent he has not already done so, Ronald K. Niesen comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended