IN THE MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
John C. WIDULE, Attorney at Law:

OFFICE OF LAWYER REGULATION,
Complainant-Respondent,

v.

John C. WIDULE, Respondent-Appellant.

Supreme Court

*No. 2001AP2157-D.—Decided June 22, 2012.*

2012 WI 63

(Also reported in 817 N.W.2d 822.)

¶ 1. PER CURIAM. We review, pursuant to SCR 22.33(3),[1] the report and recommendation of the referee, James J. Winiarski, in favor of reinstating the license of Attorney John C. Widule to practice law in Wisconsin. After conducting our review of the matter, we agree that Attorney Widule's license should be reinstated and that he should be required to follow a payment plan for paying a sanction judgment previously entered by a circuit court and the cost awards related to his disciplinary and reinstatement proceedings in this court. We modify, however, the payment plan proposed by the referee. Finally, consistent with our general practice, we require Attorney Widule to pay the full costs of this reinstatement proceeding.

¶ 2. Before turning to the particular facts of this case, we set forth the substantive standards that attorneys seeking reinstatement following a disciplinary suspension or revocation must satisfy. Those standards

---

[1] SCR 22.33(3) states as follows: "If no appeal is timely filed, the supreme court shall review the referee's report, order reinstatement, with or without conditions, deny reinstatement, or order the parties to file briefs in the matter."

are set forth in SCR 22.31(1).[2] In particular, the petitioning attorney must demonstrate by clear, satisfactory, and convincing evidence that he or she has the moral character necessary to practice law in this state, that his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest, and that the attorney has complied fully with the terms of the suspension or revocation order and the requirements of SCR 22.26. In addition, SCR 22.31(1)(c) incorporates the statements that a petition for reinstatement must contain pursuant to SCR 22.29(4)(a)-[(4m)].[3] Thus, the petitioning

---

[2] SCR 22.31(1) states:

The petitioner has the burden of demonstrating, by clear, satisfactory, and convincing evidence, all of the following:

(a) That he or she has the moral character to practice law in Wisconsin.

(b) That his or her resumption of the practice of law will not be detrimental to the administration of justice or subversive of the public interest.

(c) That his or her representations in the petition, including the representations required by SCR 22.29(4)(a) to [(4m)] and 22.29(5), are substantiated.

(d) That he or she has complied fully with the terms of the order of suspension or revocation and with the requirements of SCR 22.26.

[3] SCR 22.29(4)(a) through (4m) provides that a petition for reinstatement shall show all of the following:

(a) The petitioner desires to have the petitioner's license reinstated.

(b) The petitioner has not practiced law during the period of suspension or revocation.

(c) The petitioner has complied fully with the terms of the order of suspension or revocation and will continue to comply with them until the petitioner's license is reinstated.

attorney must demonstrate that the required representations in the reinstatement petition are substantiated.

¶ 3. Attorney Widule was admitted to the practice of law in Wisconsin on May 24, 1982, following his graduation from Marquette Law School.

¶ 4. Effective June 27, 2003, this court suspended Attorney Widule's license for a period of six months as discipline for his professional misconduct. *In re Disciplinary Proceedings Against Widule,* 2003 WI 34, 261 Wis. 2d 45, 660 N.W.2d 686. In that proceeding, Attorney Widule was found to have advanced a factual position in litigation on behalf of his client without a basis for doing so that was not frivolous, in violation of SCR 20:3.1(a)(2). In addition, this court agreed with the

(d) The petitioner has maintained competence and learning in the law by attendance at identified educational activities.

(e) The petitioner's conduct since the suspension or revocation has been exemplary and above reproach.

(f) The petitioner has a proper understanding of and attitude toward the standards that are imposed upon members of the bar and will act in conformity with the standards.

(g) The petitioner can safely be recommended to the legal profession, the courts and the public as a person fit to be consulted by others and to represent them and otherwise act in matters of trust and confidence and in general to aid in the administration of justice as a member of the bar and as an officer of the courts.

(h) The petitioner has fully complied with the requirements set forth in SCR 22.26.

(j) The petitioner's proposed use of the license if reinstated.

(k) A full description of all of the petitioner's business activities during the period of suspension or revocation.

(4m) The petitioner has made restitution to or settled all claims of persons injured or harmed by petitioner's misconduct, including reimbursement to the Wisconsin lawyers' fund for client protection for all payments made from that fund, or, if not, the petitioner's explanation of the failure or inability to do so.

referee that Attorney Widule had been subject to a conflict of interest, in violation of SCR 20:1.7(b), when he had represented two secured creditors attempting to obtain relief from the same limited amount of the debtor's property and had even argued at one point that the security interest of one client was junior to the security interest of the other client. Finally, this court determined that Attorney Widule had failed to provide competent representation, in violation of SCR 20:1.1. In addition to imposing the six-month suspension of his license to practice law in this state for his professional misconduct, we also ordered Attorney Widule to pay the full costs of that disciplinary proceeding, which were $11,502.42.

¶ 5. In the underlying civil action litigated by Attorney Widule, *Ormson v. Merg,* Dane County Case No. 1994CV3753 (the Dane County action), the circuit court concluded that Attorney Widule had pursued a frivolous action in violation of what was then Wis. Stat. § 814.025, and as a sanction ordered him to pay the attorney fees of the opposing parties. Ultimately, a sanction judgment was entered against Attorney Widule. According to the referee's report, the amount of that judgment was $82,185.58.

¶ 6. In 2003 Widule filed his first petition for reinstatement. The referee in that proceeding recommended against reinstatement, finding, among other things, that Attorney Widule had not accepted that his actions in the earlier Dane County action had been improper. In an unpublished order, this court agreed with the referee's recommendation and denied Attorney Widule's first reinstatement petition in September 2004. We also ordered Attorney Widule to pay $3,239.67 in costs for that first reinstatement proceeding.

498

¶ 7. Attorney Widule filed the current (second) reinstatement petition in April 2011. Attorney Widule's petition made all of the averments required by SCR 22.29. He acknowledged, however, that he had not paid either the sanction judgment in the Dane County action or the previous cost judgments from the disciplinary and first reinstatement proceedings in this court, but he asserted that he had been unable to do so because of a lack of earnings. Attorney Widule stated that, if his license were reinstated, he intended to engage in a general practice.

¶ 8. After conducting its reinstatement investigation, the Office of Lawyer Regulation (OLR) filed a response opposing Attorney Widule's petition. The OLR's primary reason for opposing reinstatement was that Attorney Widule had paid only a few hundred dollars toward both the sanction judgment and cost judgments. The OLR asserted that this meant that Attorney Widule had not complied with the prior orders of this court and that he did not have a proper understanding of and attitude toward the standards that are imposed upon attorneys in this state.

¶ 9. Following an evidentiary hearing, the referee issued his report and recommendation. The referee found that Attorney Widule had not practiced during the term of his suspension, had maintained competence and learning in the law, had demonstrated that his conduct since his suspension had been exemplary and above reproach, had shown a proper understanding of and attitude toward the standards imposed upon members of the bar, and had complied with the requirements set forth in SCR 22.26. The referee further concluded that Attorney Widule could be safely recommended to represent members of the public.

¶ 10. A large part of the referee's report addressed the issue of Attorney Widule's failure to pay the sanction judgment and the cost judgments. The referee found that Attorney Widule had complied with the terms of this court's suspension order and its order denying reinstatement, with the sole exception that he had failed to pay all of the costs ordered in the original disciplinary proceeding and the first reinstatement proceeding. Indeed, the referee found that Attorney Widule had made only three payments of $200 each toward the cost awards from those two proceedings. The referee further found that Attorney Widule had made only one payment of $300 toward the $82,185.58 sanction judgment in the Dane County action.

¶ 11. The referee determined, however, that Attorney Widule had provided a satisfactory explanation for his failure to pay the costs of the prior proceedings and the sanction judgment. Specifically, the referee found that Attorney Widule had not earned sufficient income to make additional payments. The referee found that Attorney Widule's annual income since 2004 (the first full year of his suspension) had been quite meager, ranging from a low of $1,864 to a high of $9,086. During his suspension Attorney Widule's primary source of income came from part-time work as a musician in a band. In addition, in the first few years following his suspension, he had also received a limited amount of income from his family's real estate business, but that income had ceased due to the difficult real estate market and the death of his father.

¶ 12. The referee found that Attorney Widule has not had a permanent residence for a number of years. He has lived with his parents, various friends, and his girlfriend. He has a two-year-old child, for whom he

pays child support, but Attorney Widule is in arrearage on his child support obligations due to his lack of income.

¶ 13. Although the referee acknowledged that Attorney Widule had made only minimal payments toward the cost amounts and the sanction judgment, he ultimately concluded that the failure to make more payments on those obligations should not prevent the reinstatement of Attorney Widule's law license. He stated that Attorney Widule could and should have done more during his suspension to earn income to make additional payments toward those debts, but acknowledged that may well have involved only a job that paid the minimum wage, which may not have significantly improved Attorney Widule's ability to pay the judgments. The referee indicated that since the suspension of his law license, Attorney Widule has been living a "Spartan like" existence involving no frivolous spending or unreported income, with his income not being sufficient to support even his most basic needs. Indeed, Attorney Widule has apparently been forced to borrow money from friends to cover his living expenses.

¶ 14. With respect to the misconduct that led to Attorney Widule's suspension, the referee found that Attorney Widule had recognized his mistakes and flawed judgment in the Dane County action. Attorney Widule acknowledged that he should have withdrawn questionable evidence and that he probably should have sought to withdraw from the representation. The referee stated that Attorney Widule now recognizes the need to choose cases more wisely and to withdraw from a representation when appropriate. Attorney Widule told the referee that he had taken on the representation resulting in the Dane County action even though he had not viewed himself as a litigator, and that he now

intended to practice in the area of real estate law, which was a safer and more comfortable area of the law for him.

¶ 15. The referee was particularly impressed by the testimony of Richard Harder. Mr. Harder and his wife are friends and former clients of Attorney Widule, and they even allowed Attorney Widule to live with them for a period of time. Mr. Harder testified that although he considered Attorney Widule to be somewhat eccentric in some of his approaches to the practice of law, he found him to be a fine attorney, in whom he had a great deal of trust and confidence.

¶ 16. The referee also noted that other individuals had commented favorably on Attorney Widule's character and legal ability. For example, Waukesha County District Attorney Brad Schimel, who has played in the same band with Attorney Widule, submitted a letter indicating that he believed Attorney Widule had the character, judgment, and legal ability to practice law appropriately.

¶ 17. Ultimately, the referee concluded that Attorney Widule had satisfied all of the requirements for reinstatement by clear and convincing evidence.

¶ 18. The referee recommended that Attorney Widule be ordered to pay the full costs of the current reinstatement proceeding. He further recommended that, if the court grants reinstatement, the court establish a payment plan by which Attorney Widule can begin to pay off his obligations. Specifically, he recommended that the court require Attorney Widule to pay a minimum of $100 per month for the first 12 months following reinstatement and a minimum of $500 per month for the succeeding 12 months. He further recommended that this payment plan be reviewed after 24 months to determine whether it should be adjusted.

Finally, the referee recommended that all of the payments should be applied first to the cost judgments owed to the OLR, and when those are paid in full, additional payments should be applied to the outstanding sanction judgment in the Dane County action.

¶ 19. Following the filing of the referee's report, the OLR submitted a statement of costs indicating that the total costs for this reinstatement proceeding were $4,700.21, as of January 30, 2012. The OLR recommended that Attorney Widule be required to pay this full amount.

¶ 20. Attorney Widule's response did not object to the amount of the costs. It also stated that Attorney Widule accepted the referee's recommended payment plan.

¶ 21. The OLR's reply indicated that it also found the referee's recommended payment plan to be "fair under the circumstances." It further stated in a footnote that it had referred the prior cost judgments to a collection agency. It said that any monies it received from Attorney Widule would be applied first to the oldest cost judgment, then to the first reinstatement proceeding cost amount, and then to the current reinstatement proceeding cost amount. The OLR's reply was not clear whether it was advocating that the cost judgments in its favor should be paid first, as the referee recommended, or whether it was simply explaining the order in which any funds paid to it at any time would be applied toward the cost judgments.

■■

¶ 22. The standards for our review of referee reports in reinstatement proceedings are similar to the standards we use for reviewing referee reports in disciplinary proceedings. We do not overturn a referee's

finding of fact unless it is clearly erroneous. On the other hand, we review a referee's legal conclusions, including whether the attorney has satisfied the criteria for reinstatement, on a de novo basis. *In re Disciplinary Proceedings Against Jennings*, 2011 WI 45, ¶ 39, 334 Wis. 2d 335, 801 N.W.2d 304; *In re Disciplinary Proceedings Against Gral*, 2010 WI 14, ¶ 22, 323 Wis. 2d 280, 779 N.W.2d 168.

■

¶ 23. After thoroughly considering this matter under these standards of review, we conclude that Attorney Widule has satisfied the requirements set forth in SCRs 22.31(1) and 22.29(4)(a)-(4m) and that his license to practice law in Wisconsin should be reinstated.

¶ 24. There does not appear to be any dispute regarding nearly all of the requirements for reinstatement. For example, there is no dispute that Attorney Widule has maintained competence in the law during his suspension, or that he has avoided engaging in the practice of law in this state while suspended, or that his conduct since his suspension has been above reproach.

¶ 25. The only real dispute in this reinstatement proceeding has been whether Attorney Widule's failure to make regular payments toward the cost judgments and the sanction judgment means that he has failed to comply with this court's prior orders and to show that he has a proper attitude toward the standards that are imposed upon attorneys in this state.

¶ 26. In its response to Attorney Widule's reinstatement petition, the OLR argued that Attorney Widule's failure to earn additional income meant that he had not complied with this court's orders to pay the costs of the disciplinary and first reinstatement pro-

ceedings. In addition, the OLR indicated that it viewed Attorney Widule's failure to pay the sanction judgment as demonstrating a nonchalant attitude, a failure to recognize and accept responsibility for his past wrongdoing, and a failure to show a proper attitude toward the standards that are imposed upon attorneys in this state.

¶ 27. There is a difference, however, between choosing to disobey this court's orders to pay costs and being unable to do so because of a lack of funds. The OLR's positions regarding these requirements for reinstatement are all premised on a view that Attorney Widule made a conscious decision not to earn money in order to avoid paying his legal obligations. There is nothing in the referee's report, however, to indicate a deliberate choice by Attorney Widule to avoid paying his creditors. The referee found that Attorney Widule has *not* been living a comfort-filled life while stonewalling his creditors. Rather, the referee described Attorney Widule's life since his suspension as a "Spartan like" existence with no frivolous spending or unreported income. Attorney Widule's income simply has not covered even his most basic needs, and he has apparently been forced to live off the kindness of his family and friends. Given the referee's findings, we cannot conclude that Attorney Widule chose to violate this court's orders or to avoid paying the civil sanction judgment against him.

¶ 28. Moreover, the referee disagreed with the OLR's claim that Attorney Widule's lack of regular payments toward his debts indicated a refusal to accept responsibility for his prior misconduct. Indeed, the referee specifically found that Attorney Widule had acknowledged that he had made mistakes in handling the representation in the Dane County action. That

505

finding supports a conclusion that Attorney Widule now has a proper attitude toward the standards that are imposed upon attorneys in this state and will act in conformity with those standards. *See* SCR 22.29(4)(f).

¶ 29. Having determined that Attorney Widule's license to practice law in this state should be reinstated, we turn to the subject of costs. Initially, we conclude that Attorney Widule should be required to pay the full costs of this current reinstatement proceeding. He did not object to the imposition of costs generally or claim that any of the costs incurred in this proceeding were unreasonable. We therefore follow our general policy and impose the full costs of this proceeding on Attorney Widule since it was his misconduct that necessitated it. *See* SCR 22.24(1)-(1m).

¶ 30. We also agree with the referee that, given the various cost and sanction amounts that have been imposed on Attorney Widule, his return to the practice of law in this state should be conditioned on compliance with a payment plan for those obligations. We differ with the referee's recommendation, however, in two respects.

¶ 31. First, given that it appears Attorney Widule presently has little income, we conclude that it would not be advisable to require him to begin making immediate payments. Even if Attorney Widule is able to find legal work immediately, there will be some time lag before he realizes income from that work. We therefore will not require the payments to begin until the fourth month after the date of this reinstatement order. For the first 12 months in which the payment plan is effective, Attorney Widule will be required to pay $100 per month. For the next 12 months, he will be required

to pay $500 per month. At the end of that second 12–month period, the OLR shall negotiate with Attorney Widule an appropriate per month payment consistent with his level of income at that time.

¶ 32. Second, we disagree with the referee's suggestion that the payments made by Attorney Widule should be allocated first to the outstanding cost judgments in favor of the OLR stemming from his disciplinary proceeding and his two reinstatement proceedings. This court's standard policy is to require an attorney whose misconduct has caused harm to reimburse the individuals who have been harmed before paying any cost amounts to the OLR. *See, e.g., In re Disciplinary Proceedings Against Woodard,* 2012 WI 41, ¶ 42, 340 Wis. 2d 248, 812 N.W.2d 511 (requiring attorney being reinstated to pay restitution before paying costs to the OLR); *In re Disciplinary Proceedings Against Niesen,* 2011 WI 97, ¶ 16, 337 Wis. 2d 340, 805 N.W.2d 105 (in disciplinary proceeding requiring payment of restitution to client prior to payment of costs); *In re Disciplinary Proceedings Against Krombach,* 2005 WI 170, ¶ 68, 286 Wis. 2d 589, 707 N.W.2d 146 (same). We recognize that in this instance, given the large sanction judgment against Attorney Widule, the policy will result in a long period of time passing before any payments will be allocated to the cost judgments. That mere delay, however, does not cause us to deviate from our policy that those individuals who have been directly injured by an attorney's misconduct should be the first to receive restitutionary payments. Although the judgment entered in the Dane County action was levied as a sanction, the circuit court calculated the amount of the sanction based on the amount of expenses the opposing parties had incurred and rendered the sanction judg-

ment in their favor rather than in favor of the court. Thus, we require Attorney Widule to make the monthly payments required by this opinion and order toward satisfying the sanction judgment until it has been fully satisfied. Only then will his payments be allocated toward the payment of the cost judgments owed to the OLR.

¶ 33. IT IS ORDERED that the petition for reinstatement of the license of John C. Widule to practice law in Wisconsin is granted, effective the date of this order.

¶ 34. IT IS FURTHER ORDERED that John C. Widule shall pay the sanction judgment entered against him in *Ormson v. Merg,* Dane County Case No. 1994CV3753, pursuant to the terms of the payment plan set forth below.

¶ 35. IT IS FURTHER ORDERED that John C. Widule shall pay to the Office of Lawyer Regulation the costs of this proceeding pursuant to the terms of the payment plan set forth below.

¶ 36. IT IS FURTHER ORDERED that John C. Widule shall comply with the following payment schedule:

A. Beginning on October 1, 2012, John C. Widule shall make monthly payments of $100 on the first day of each month for a period of 12 months;

B. Beginning on October 1, 2013, John C. Widule shall make monthly payments of $500 on the first day of each month for a period of 12 months;

C. John C. Widule and the Office of Lawyer Regulation shall thereafter confer and agree upon a monthly payment amount, consistent with John C. Widule's level of income, which John C. Widule shall pay on a monthly

basis beginning on October 1, 2014. If the parties are unable to agree on a monthly payment amount, one or both of the parties may move the court to establish a monthly payment amount;

D. In the event that John C. Widule fails to make any payment by the 15th day of the month when due, the Office of Lawyer Regulation is authorized to move this court for a further suspension of the license of John C. Widule to practice law in Wisconsin.

¶ 37. IT IS FURTHER ORDERED that the payments described above shall be made first toward the sanction judgment in *Ormson v. Merg,* Dane County Case No. 1994CV3753, until that sanction judgment has been paid in full. Once the sanction judgment has been paid in full, the payments shall be paid toward the prior cost judgments that are owed to the Office of Lawyer Regulation and the costs of this current reinstatement proceeding.

¶ 38. IT IS FURTHER ORDERED that the Office of Lawyer Regulation shall cease all attempts to collect on the various cost judgments in its favor against John C. Widule until such time as John C. Widule has satisfied the sanction judgment in *Ormson v. Merg,* Dane County Case No. 1994CV3753, or John C. Widule has failed to comply with the payment plan set forth in this decision and order.

¶ 39. PATIENCE DRAKE ROGGENSACK, J., did not participate.